IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TROY PHILLIP DOCK,
No. 09472-078,

        Petitioner,

vs.                                        CIVIL NO. 14-00081-DRH

JAMES N. CROSS,[1]

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

        Petitioner Troy Phillip Dock, represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 4). Dock is currently in the custody of the Federal Bureau of Prisons, housed at the Federal Correctional Institution at Greenville, Illinois. In 2003, Dock pleaded guilty to conspiring to smuggle, harbor and transport illegal aliens, in violation of 18 U.S.C. § 1324(a)(1)(A), and two related RICO charges under 18 U.S.C. §§ 1952(a)(3)(B) and 1962(c). He is serving a 405-month sentence. *See United States v. Dock*, No. 02-cr-62-01, Doc. 257 (E.D. Tex. Nov. 25, 2003).

        Dock's direct appeal challenging a sentencing enhancement under U.S.S.G. § 3A1.1(b) for "vulnerable victims" was unsuccessful. *United States v. Dock*, 426 F.3d 269 (5th Cir. 2005), *cert. denied*, 546 U.S. 1144 (2006).

---

[1] The petition named the warden of FCI-Greenville as the respondent. Consistent with FED.R.CIV.P. 25(d), the Court *sua sponte* substitutes James N. Cross as respondent.

A subsequent motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence was unsuccessful. *See Dock v. United States*, No. 07-cv-19, Docs. 1, 12, 20 (E.D. Tex. March 8, 2011). Dock raised approximately 20 issues—he asserted ineffective assistance of counsel, attacked the indictment and the plea agreement, claimed a double jeopardy violation, and took issue with the length of his sentence. His Section 2255 motion was denied on procedural and merits-based grounds. *Dock*, No. 07-cv-19, Doc. 20 (E.D. Tex. March 8, 2011). Dock's subsequent appeal was denied as untimely. *See United States v. Dock*, No. 11-40585 (5th Cir. July 8, 2011).

Dock now seeks to upset his conviction and sentence (Doc. 4). His habeas corpus petition pursuant to 28 U.S.C. § 2241 rests upon a point raised in the governments brief in the direct appeal:  By pleading guilty to the two RICO charges—each of which alleged that, because two of the illegal aliens Dock had been transporting died because they were locked in his tractor trailer in the summer heat—Dock had admitted to committing murder, in violation of Section 19.02(b)(3) of the Texas Penal Code. Dock contends that, although he may be guilty of involuntary or even voluntary manslaughter, the facts do not support murder, which is a necessary element of the RICO offenses. Thus, he claims to be "actually innocent" (at least relative to the two RICO charges).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, a petition shall undergo preliminary review. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Discussion

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). As already discussed, Dock contends he is actually innocent of murder under Section 19.02(b)(3) of the Texas Penal Code.

Dock acknowledges that he has procedurally waived this argument; instead he generally relies upon the Seventh Circuit's recent decision in *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), and the Supreme Court's decision in *McQuiggin v. Perkins*, __U.S.__ 133 S.Ct. 1924 (2013). Those decisions illustrate that under the miscarriage of justice doctrine, a convincing actual

innocence claim can overcome a wide array of procedural barriers to collateral relief.

The Court observes that Dock does not address "unjustifiable delay," which doomed the *McQuiggin* habeas petition. Also, the fact that Dock's plea agreement contained a waiver provision suggests another potential obstacle. However, those issues are affirmative defenses, which are not properly before the Court at this juncture. There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Cross will be required to respond or otherwise plead.

## Disposition

**IT IS HEREBY ORDERED** that, consistent with FED.R.CIV.P. 25(d), the Clerk of Court shall have the record reflect that James N. Cross, warden of FCI-Greenville, has been substituted as respondent

**IT IS FURTHER ORDERED** that respondent James N. Cross shall answer the petition or otherwise plead within thirty days of the date this order is entered.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

**February 14, 2014**

Digitally signed by
David R. Herndon
Date: 2014.02.14
15:08:27 -06'00'

**Chief Judge**
**United States District Court**