IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TROY PHILLIP DOCK,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 14-cv-081-CJP[1] |
| | ) |
| **JAMES N. CROSS,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Through counsel, Troy Phillip Dock filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 6). The petition and respondent's Motion to Dismiss (Doc. 19) are now before the Court.

## Convictions and Procedural History

### 1.  Petitioner's Convictions

In 2002, Dock, a truck driver, was hired to drive a load of medical supplies from El Paso, Texas, to Wisconsin. Dock and a co-defendant (Sprague) "agreed with an alien smuggling operation to transport about fifty illegal Mexican immigrants" in the truck, with tragic results:

> The majority of the aliens were directed into the two to three-foot space above the cargo in the trailer, which was not equipped to transport living beings. Sprague then padlocked the rear trailer doors. Between 1 a.m. and 2:30 p.m. on July 27, Dock and Sprague drove the tractor-trailer from New Mexico to Dallas. During the morning and early afternoon, heat in the trailer (reaching an estimated 150 degrees Fahrenheit) caused conditions to

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 18.

> become unbearable. Those inside, desperate for ventilation and water, attempted to break through the trailer walls to get air and screamed and pounded on the walls for help. When Dock and Sprague stopped at a truck stop in Dallas at 2:30 p.m. and unlocked the trailer doors, the aliens jumped and fell out of the trailer, some unconscious. Dock and Sprague closed the trailer doors and traveled another fifty miles to Anna, Texas. There they discovered that three men remained in the trailer, two of whom were dead and one of whom was in a coma. Dock and Sprague later admitted involvement in the smuggling operation to state troopers who responded to the scene.

*United States. v. Dock*, 426 F.3d 269, 271 (5th Cir. 2005).

Dock was charged with a number of offenses in the District Court for the Eastern District of Texas. He entered guilty pleas pursuant to a plea agreement to the following counts of the second superseding indictment:

- Count 1, Conducting a Racketeer Influenced Corrupt Organization ("RICO") in violation of 18 U.S.C. §1962(c);

- Count 2, Interstate Travel in Aid of Racketeering ("ITAR"), in violation of 18 U.S.C. §1952(a)(3)(B); and

- Count 73, Conspiracy to Smuggle, Harbor and Transport Illegal Aliens, in violation of 8 U.S.C. §§1342(a)(1)(A)(v)(I) and (a)(1)(B)(iv).

Plea Agreement, Doc. 19, Ex. 6.

The Government filed a statement of the elements of the offense. The predicate criminal activity underlying Counts 1 and 2 include "Murder, pursuant to Texas Penal Code, Section 19.02(b)(3)." That section of the Texas Penal Code defines felony murder. Doc. 19, Ex. 7, pp. 3 & 5-6.

On November 25, 2003, petitioner was sentenced to concurrent terms of 405 months on each count. Judgment, Doc. 19, Ex. 8.

**2      Direct Appeal**

The convictions and sentence were affirmed on direct appeal, but the judgment was vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  *Dock v. United States*, 125 S. Ct. 2929 (Mem.)(2005).  On remand, the Fifth Circuit again affirmed the original sentence. *Dock, supra*.  This time, the Supreme Court denied *certiorari*.  *Dock v. United States*, 126 S. Ct. 1160 (Mem.)(2006).

**3.      Motion Under 28 U.S.C. §2255**

Dock then filed a pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255.  He claimed (1) trial counsel rendered ineffective assistance; (2) his guilty plea was not made knowingly and voluntarily; (3) the district court failed to appoint "learned counsel;" (4) the government breached the plea agreement; (5) his Double Jeopardy rights were violated; and (6) his sentence constituted cruel and unusual punishment.  Doc. 19, Exs. 9-11.

In support of his claim that his guilty plea was not knowing and voluntary, Dock stated "The plea bargain agreement that I signed did not mention anything about murder. And I would not have pled guilty if I knew that I was pleading guilty to murder. I would have insisted on going to trial, and if I had an attorney who was not burdened with so many conflicts, I would have prevailed at trial."  Doc. 19, Ex. 9, p. 9.

The motion was denied on March 9, 2011.  The District Judge also denied a certificate of appealability.  Doc. 19, Ex. 13.

**Grounds for Habeas Relief**

Petitioner asserts one ground for habeas relief, that is, that he is "'actually innocent' of the crime of murder – an essential element of the offenses charged in Counts One and Two of the second superseding indictment." Doc. 6, pp. 6-7. He does not assert any claim for relief as to his conviction on Count 73, conspiracy.

**Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998):  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the

permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

## Analysis

### 1. Motion to Dismiss

In his Motion to Dismiss, Doc. 19, respondent argues that the Court does not have jurisdiction to consider Dock's §2241 petition because he does not fit within the savings clause, 28 U.S.C. §2255(e).  Petitioner argues that this is incorrect, and that the Court has subject matter jurisdiction to consider the petition.

The Court agrees that §2255(e) is not a jurisdictional statute.  See, *Gonzalez v. Thaler*, 132 S.Ct. 641, 648-652 (2012), explaining the difference between jurisdictional and nonjurisdictional statutes, and *U.S. v. Taylor,* --- F.3d ----, 2015 WL 554452, *3-4 (7th Cir. 2015).  Accordingly, on the narrow jurisdictional point, the motion is not well-taken.  However, respondent also argues that petitioner is not entitled to bring a §2241 petition for substantive reasons.  The Court will consider those arguments in analyzing the merits of the petition.

### 2. Merits of the Petition

Petitioner candidly admits that he does not meet the *Davenport* criteria because his claim that he is actually innocent of murder does not rest upon a retroactive Supreme Court decision or a change in the law that post-dates his §2255 motion.  Doc. 7, pp. 6-7.  Nevertheless, he argues that he is entitled to

bring his claim under §2241 because "the Supreme Court basically blew the cover off the 'actual innocence' ball when in *McQuiggin v. Perkins*, 131 [sic] S.Ct. 1924 (2013), the Court opened the review door to defaulted and claims otherwise subject to dismissal on procedural grounds. . . ." Doc. 7, p. 8. Put simply, petitioner's argument is that *McQuiggin* holds that a credible claim of actual innocence entitles a petitioner to bring a §2241 petition regardless of whether he can meet the *Davenport* criteria.

*McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here.

The Court first notes that *McQuiggin* requires that the petitioner's claim of actual innocence meet the "demanding" standard of *Schlup v. Delo*, 115 S.Ct. 851 (1995). *McQuiggin*, 133 S. Ct. at 1936. It is highly doubtful that Dock's claim meets the *Schlup* standard.

Dock argues that he is innocent of felony murder because he did not act with the requisite intent to commit murder. However, Texas follows the usual rules with regard to the intent required for felony murder. "The distinguishing element between felony murder and capital murder is the intent to kill. . . . Felony murder is an unintentional murder committed in the course of committing a felony. Tex. Penal Code § 19.02(b)(3)." *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex.Crim.App.,1999). See also, *Lomax v. State*, 233 S.W.3d 302, 305

(Tex.Crim.App.,2007), noting that "deciding that Section 19.02(b)(3) dispenses with a culpable mental state is consistent with the historical purpose of the felony-murder rule, the very essence of which is to make a person guilty of an 'unintentional' murder when he causes another person's death during the commission of some type of a felony."

Petitioner also suggests that he committed only manslaughter, and, under the terms of Section 19.02(b)(3), manslaughter cannot be the felony which supports a charge of felony murder.  Again, he is incorrect.  The felony which supports the charge is Conspiracy to Smuggle, Harbor and Transport Illegal Aliens, as charged in Count 73.  See, Plea Agreement, Doc. 19, Ex. 1, ¶7, in which Dock agreed "That the conspiracy and the underlying substantive offenses of harboring and transporting aliens resulted in the deaths of Jose Gaston-Ramirez and Pioquinto Cabrera Vasquez."

Lastly, petitioner suggests that the government's references to "murder" in its brief on appeal and in its sentencing memorandum are admissions that intentional murder, and not felony murder, is at play here.  However, these shorthand references to "murder" cannot overcome the clear citations to the Texas felony murder statue, Section 19.02(b)(3), in the second superseding indictment as well as the elements statement, Doc. 19, Exs. 3-5, 7.  The Fifth Circuit recognized that the underlying offenses supporting the convictions on Counts 1 and 2 included "state felony murder." *Dock*, 426 F.3d at 271, n. 1.  It is disingenuous at best for Dock to now take the position that the underlying offense

was intentional murder.

For the above reasons, the Court is highly doubtful that Dock has set forth a credible claim of actual innocence. In the end, however, it is unnecessary to resolve that question. Even if he had set forth a valid *Schlup* claim, he would not be entitled to bring a §2241 petition.

By its terms, *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." The Supreme Court expressly noted that different rules apply to second or successive petitions. *McQuiggin*, 133 S. Ct. at 1933-1934. *McQuiggin* does not hold that a claim of actual innocence is a free-standing basis for habeas relief. Rather, such a claim is a gateway to consideration of defaulted constitutional claims under §2254. *McQuiggin*, 133 S. Ct. at 1931.

Neither the language nor the reasoning of *McQuiggin* support the expansive reading that petitioner urges. Dock is not a state prisoner who will be deprived of any chance of federal court review of constitutional claims if he is not allowed to proceed on a §2241 petition. Rather, Dock has already had an opportunity for direct appeal and review under §2255. Further, he is not raising a constitutional claim; his only claim is that he is "actually innocent" of felony murder. That claim does not arise out of any change in the law and could have been brought in his §2255 motion. In fact, Dock raised a closely-related claim in his §2255 motion by arguing that his guilty plea was not knowing and voluntary because he did not know he "was pleading guilty to murder." Doc. 19, Ex. 9, p. 9.

Petitioner does not cite any case from any Circuit which reads *McQuiggin* the way he does, and this Court's independent research has not discovered such a case. The Seventh Circuit has not spoken on the issue, but other Courts have refused to apply *McQuiggin* to permit a federal prisoner to bring a §2241 petition without showing that the remedy under §2255 was inadequate or ineffective. See, e.g., *Boyce v. Berkebile*, 590 Fed. Appx. 825 (10th Cir. 2015); *Candelario v. Warden*, --- Fed. Appx. ----, 2014 WL 6056234 (11th Cir. 2014); *McAdory v. Warden Lewisburg USP*, 545 Fed. Appx. 88 (3rd Cir. 2013). This Court agrees with the reasoning of these cases.

## Conclusion

Respondent's Motion to Dismiss **(Doc. 19)** is **DENIED** insofar as it moves for dismissal for lack of jurisdiction. The Motion is **GRANTED** insofar as it moves for dismissal on the substantive ground that petitioner is precluded from brining a §2241 petition because his claim does not fit within §2255(e) or the *Davenport* criteria.

Troy Phillip Dock's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 6)** is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:**     **February 27, 2015.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**